IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AARON TEMPLETON,

                       Plaintiff,

   v.                                                      ORDER

SCOTT PARKS and UNKNOWN MED. STAFF,          23-cv-109-jdp

                       Defendants.

---

The court has allowed pro se plaintiff Aaron Templeton to proceed on Fourteenth Amendment medical care claims against defendants Parks and Unknown Medical Staff based on allegations that: (1) Parks stopped Templeton from wearing masks in the early stages of the COVID-19 pandemic, which caused him to contract tuberculosis; and (2) the Unknown Medical Staff allowed him to be placed in a cell with a prisoner who was clearly ill. A telephonic pretrial conference was held and Parks received instructions on using discovery requests to identify the Doe defendants. The court's pretrial conference order set a deadline of October 31, 2023, for Templeton to file an amended complaint identifying the Doe defendants.

Templeton filed a motion describing his medical issues and requesting appointment of counsel. Dkt. 12. Templeton then moved the court to preserve videos of actions that bear no discernible relationship to the allegations underlying the claims on which the court allowed him to proceed. Dkt. 14. Before defendant Parks answered, Templeton filed an amended complaint that contains an attachment identifying the Doe medical staff. *See* Dkt. 21-2; Dkt. 21-3; Dkt. 23. The amended complaint contains new allegations to support Templeton's claims, and may reflect an attempt to proceed on new claims. Shortly after Parks answered, Templeton filed a motion to amend in which he provides more allegations to support his claims

and states that he wishes to add two medical companies as defendants. Dkt. 25. Lastly, Templeton moved the court to add the "medical people" as defendants and to appoint counsel.

## A. Amended complaint and associated motions

Templeton had one automatic right to file an amended complaint when he did that. Ordinarily, the court would accept the amended complaint for filing and screen it as it did his original complaint. But Templeton doesn't appear to know that an amended pleading supersedes (i.e., completely replaces) an earlier pleading. This being so, there is no guarantee that the court would allow Templeton to proceed on the claims on which it already allowed him to proceed if it screened the amended complaint. Put differently, Templeton would be allowed to proceed on only the claims that the court determined to state a claim upon which relief may be granted, and there is no guarantee that the allegations in the amended complaint would meet that standard. To complicate matters, Templeton has filed other documents raising new allegations to support his claims. But the court generally disfavors allowing litigants to proceed on allegations spread out over several documents because such piecemeal pleadings disorder the record and create confusion.

In these circumstances, it's most appropriate to allow Templeton to file a final amended complaint that includes *all* of the allegations for relief he has, and that names as defendants *all* of the individuals or entities against which he seeks to proceed on those allegations. Here is how Templeton must do this:

Templeton must file his final amended complaint on the court's prisoner complaint form, which the court will send him along with this order. If Templeton needs more space to allege his claims, then he may submit no more than five supplemental pages. Any handwritten

or typewritten text on the form or any supplemental sheet must be large enough and well-spaced enough for the court to read it easily.

In drafting his final amended complaint, Templeton should be mindful that, to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. Rule 8(a)(2). Templeton's allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(d). Templeton should state his allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Templeton should identify the claims he wishes to allege in the final amended complaint, but should omit any legal arguments.

Templeton should carefully consider whether he is naming proper defendants, which means that he should omit defendants who did not personally participate in, or otherwise cause, a violation of federal law. Templeton must explain what each defendant did, or failed to do, that violated his federal rights.  Templeton should avoid referring to defendants collectively. Templeton also should identify by full name in the case caption of his final every one of the individuals whom he wishes to sue. Because Templeton has indicated that he has identified all the individuals and entities that he wishes to sue, he should not name any Doe defendants.

### B.  Motions for appointment of counsel

Litigants in civil cases do not have a constitutional right to counsel and the court does not have the authority to appoint counsel to pro se plaintiffs in civil matters. Rather, the court can only assist in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007) (en banc). So the court construes Templeton's motions as motions for assistance in recruiting counsel.

3

A party requesting assistance in recruiting counsel must show three things: (1) he cannot afford to hire a lawyer, § 1915(e)(1); (2) he made reasonable efforts on his own to find a lawyer to represent him, *Jackson v. Cty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992); and (3) the legal and factual difficulty of the case exceeds his ability to prosecute it, *Pruitt*, 503 F.3d at 655.

The court declines to assist Templeton in recruiting counsel at this time. As a starting point, this court would find a volunteer attorney for every pro se litigant if enough lawyers were available to do this, but they're not. This court receives over 200 new pro se lawsuits every calendar year, but only 15 to 20 attorneys are willing to take such cases, and they don't even take one case every year. So, the court is forced to marshal this scarce resource.

Templeton hasn't met any of these requirements. Templeton paid the filing fee in this case and there's no documentation demonstrating that he's eligible for in forma pauperis status or is otherwise unable to pay for an attorney on his own.

Regarding the second requirement, this court generally requires plaintiffs to submit letters from at least three attorneys to whom they have written and who have refused to take the case. Because Templeton hasn't submitted any such letters or described any efforts that he has made to obtain counsel to represent him, he hasn't met the second requirement.

Regarding the third requirement, it is too early to tell whether this case will involve issues that are too complex for Templeton to handle in light of his litigation capabilities. Templeton drafted a complaint that the court allowed to proceed in part, and he has used the discovery process to obtain the names of individuals that he indicates should be added as defendants. So Templeton has shown some ability to litigate this case. Templeton contends that his medical problems are a barrier to litigation, but he has filed multiple court documents

4

and has otherwise participated in litigation activities. As of now, Templeton hasn't shown that his medical problems pose too high an obstacle to his litigating this case pro se.

Therefore, the court will deny Templeton's motions for assistance with recruiting counsel without prejudice. If Templeton wishes to renew this request later, he must specifically explain what litigation tasks would be too difficult for him to complete.

## C. Request to preserve videos

The court will deny this request because the actions purportedly captured by the videos are unrelated to the allegations on which the court allowed Templeton to proceed. That said, Templeton may use the discovery process to make discovery requests to obtain relevant evidence to support his claims. For the time being, Templeton should focus his efforts on filing a final amended complaint in accordance with the instructions provided in this order. If the court later allows him to proceed on his final amended complaint, Templeton will still have ample time to make any necessary discovery requests.

ORDER

IT IS ORDERED that:

1. Plaintiff Aaron Templeton has until December 6, 2023, to file a final amended complaint in accordance with the instructions provided in this order.

2. The final amended complaint will serve as a complete substitute for all of plaintiff's earlier pleadings. This case will proceed on only the allegations made and claims presented in the final amended complaint, and against only the defendants specifically named in the caption of the final amended complaint.

3. Plaintiff's motion regarding health conditions, Dkt. 12, is DENIED without prejudice.

4. Plaintiff's motion requesting to preserve videos, Dkt. 14, is DENIED.

5. Plaintiff's unsigned amended complaint, Dkt. 21, is DENIED as moot.

6. Plaintiff's motion to amend complaint to add the medical companies, Dkt. 25, is GRANTED to the extent that the court has given him instructions on how to file a final amended complaint.

7. Plaintiff's motion for assistance in recruiting counsel, Dkt. 26, is DENIED in part without prejudice and GRANTED in part to the extent that the court has given him instructions on how to file a final amended complaint.

8. The clerk of court is directed to send plaintiff copies of this order and the court's prisoner complaint form.

Entered November 6, 2023.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge