IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AARON TEMPLETON,

                Plaintiff,

v.

SCOTT PARKS and DEBRA GLEASON,

                Defendants.

OPINION and ORDER

23-cv-109-jdp

---

Plaintiff Aaron Templeton, without counsel, brings a claim under the Fourteenth Amendment based on allegations that defendants, officials of the Marathon County Jail, knowingly housed him with a prisoner who had tuberculosis and denied him masks and cleaning supplies, causing Templeton to contract the disease.

Two matters are before the court. First, Templeton filed a motion to compel the defendants to produce a letter from jail administrator Sandra LaDu. Dkt. 57. Defendants produced the letter, so I will deny the motion to compel as moot.

Second, defendants filed a motion for summary judgment, contending that Templeton failed to exhaust his administrative remedies because he didn't submit a grievance in accordance with the jail's grievance procedure. Dkt. 36. In a previous order, I scheduled a hearing under *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), to resolve a factual dispute about whether the grievance procedure was available to the Templeton at the time he was housed with the inmate with tuberculosis. Dkt. 53.

I held the hearing on March 18, 2024. Based on the hearing evidence, I find that the jail's grievance procedure was available to Templeton and that he failed to timely follow that

procedure. I will grant summary judgment to defendants and dismiss Templeton's Fourteenth Amendment claim.

ANALYSIS

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available administrative remedies before filing a lawsuit in federal court about prison or jail conditions. 42 U.S.C. § 1997e(a). To comply with § 1997e(a), an inmate must take each step in the administrative process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), including following the jail's grievance procedure for filing initial grievances and all necessary appeals. In Marathon County, the jail grievance procedure requires inmates to file a written grievance using a kiosk system within 48 hours of the precipitating event. Dkt. 38. The jail reviews and responds to the grievance, and if the inmate is not satisfied with the response, he can appeal to the deputy jail administrator and then to the jail administrator.

In briefing on defendants' motion for summary judgment, Templeton admitted that he didn't submit a kiosk grievance about being housed with an inmate with tuberculosis. But he contended that the kiosk system was unavailable to him because defendant Debra Gleason, who at the time was a shift lieutenant at the jail, told inmates that the jail wouldn't respond to any more kiosk complaints and that complaints should instead go through her. Gleason denied saying this. I scheduled a hearing to resolve this factual dispute about whether the kiosk system was available. Dkt. 53.

At the hearing, in addition to contending that the kiosk system was unavailable, Templeton provided three additional bases for why the court should deny defendants' motion: (1) that he was trying to informally resolve his issue before submitting a grievance; (2) that he

2

submitted a grievance after he was diagnosed with tuberculosis; and (3) that he didn't need to submit a grievance because his issue was related to jail rules, which inmates were not allowed to grieve. Templeton's failure to raise these additional bases before the hearing would be reason enough to reject them. But I will address each of Templeton's four contentions on the merits.

## A. Availability of the kiosk system

The original factual dispute at the hearing was whether Gleason told inmates that the jail wouldn't be responding to any more grievances submitted via the kiosk system, and that all grievances should instead go through Gleason. Templeton testified at the hearing that Gleason said this; Gleason testified that she did not.

Templeton's testimony is not credible in light of the other evidence defendants provided at the hearing. Defendants introduced evidence, which Templeton did not dispute, showing that Templeton and the inmate with tuberculosis were housed on the same cell block from May 20, 2020, until at least July 31, 2020. Defendants also showed that Templeton submitted a grievance using the kiosk system on June 22, 2020. Dkt. 60-15, at 1. Templeton did not explain why he submitted the June 22 grievance if Gleason had told inmates that the jail would not be responding to any more kiosk grievances, or why he did not submit a grievance about being housed with an inmate with tuberculosis when he submitted an unrelated grievance. Based on the hearing evidence, I find that the kiosk grievance system was available to Templeton during the relevant time period.

## B. Informal resolution

To exhaust his administrative remedies, an inmate must follow the jail's instructions for filing grievances. *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005). The Marathon County jail instructed inmates to first attempt to informally resolve issues before filing a written

kiosk grievance. Dkt. 60-1, at 36. At the hearing, Templeton testified that he didn't file a written kiosk grievance because he was still attempting informal resolution when his issue was resolved in his favor. Specifically, Templeton said that he told prison guards that he was being exposed to tuberculosis from another inmate. The guards told Templeton that they couldn't discuss other inmates' medical conditions, and that because this was a medical issue, Templeton needed to bring it up with medical staff. Templeton was still waiting to see medical staff to bring up the issue when he was transferred to another cell block, which resolved the issue and rendered further complaints unnecessary.

Templeton is correct that an inmate can exhaust his administrative remedies if the inmate resolves the issue in his favor through informal channels. *See, e.g., Brim v. Stevens*, No. 18-cv-24-jdp, 2019 WL 1004467, at *1 (W.D. Wis. Mar. 1, 2019). But that's not what happened here. Templeton was housed with the inmate with tuberculosis. Templeton knew he was being exposed to tuberculosis because the inmate had immediately told him so. Under jail policy, an attempt at informal resolution was a required first step. But when the informal resolution with security staff didn't resolve the issue, he needed to raise his complaint with medical staff. Templeton cannot exhaust his administrative remedies by passively standing by for two months waiting for an appointment with a health care provider. He needed to escalate his complaint with a formal grievance because his initial informal effort had plainly failed. Templeton's passivity deprived the institution of a meaningful opportunity to resolve his complaint short of litigation.

C. **Grievance submitted after diagnosis**

Templeton wasn't diagnosed with tuberculosis until April 2021, after he was moved from jail into prison. Templeton contended at the hearing that his obligation to exhaust his

4

administrative remedies didn't arise until his diagnosis, and that he exhausted his administrative remedies at that point by submitting a written grievance to the jail.

But the grievance Templeton submitted was untimely, even judged from the time of his diagnosis. To exhaust remedies, an inmate must file a timely grievance according to the jail's administrative rules and procedures. *Maddox v. Love*, 655 F.3d 709, 720 (7th Cir. 2011). The Marathon County jail requires individuals who have been released from jail to submit a grievance within 14 days of the occurrence giving rise to the grievance. Dkt. 60-1, at 36. The grievance Templeton submitted after he was diagnosed is not dated and Templeton did not remember when he submitted it. But it is clear from the content of the grievance that it was not submitted within 14 days of his diagnosis: in it, Templeton states that he was diagnosed in April 2021, describes the long-term treatment he received, and mentions a medical event that he experienced on January 5, 2022. Dkt. 60-5. This untimely grievance was insufficient to meet Templeton's obligation to exhaust his administrative remedies.

Templeton also contended that his grievance should be considered timely because he submitted it shortly after he experienced side effects from tuberculosis treatment that he believed would be fatal. But the jail grievance procedure requires inmates to submit grievances within 14 days of the "occurrence" giving rise to the grievance. Dkt. 60-1, at 36. Templeton's claim arises from his alleged exposure to tuberculosis at the jail and subsequent diagnosis with the disease, not from any treatment he received or side effects he experienced. So Templeton's 14-day window to submit his grievance began no later than the date of his diagnosis and was not affected by any side effects he experienced during treatment.

5

**D. Jail rules**

The jail's grievance procedure does not allow inmates to grieve "jail rules, policies, or regulations." Dkt. 60-1, at 36. Templeton contended at the hearing that this part of the grievance procedure meant that he was precluded from grieving the events giving rise to his claim. He testified that he was exposed to tuberculosis because he and the inmate with tuberculosis received their medications at the same time, but that prison guards told him he could not complain about the jail's rules for passing out medications. He also testified that the jail had rules barring masks and cleaning supplies, which increased his risk of contracting tuberculosis.

The problem with Templeton's contention is that his claim isn't about either of these rules; it's about being housed with an inmate who had tuberculosis. Templeton doesn't dispute that he could have submitted a grievance about his cell assignment, so his failure to do so cannot be excused on the basis that the jail didn't allow grievances about rules, policies, and regulations.

CONCLUSION

I conclude that Templeton failed to properly exhaust his Fourteenth Amendment claim. I will dismiss his complaint without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice). Although the dismissal is without prejudice, Templeton likely will not be able to exhaust his claim because any future grievance would also be untimely.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion to compel, Dkt. 57, is DENIED as moot.

2. Defendants' motion for summary judgment, Dkt. 36, is GRANTED.

3. Plaintiff Aaron Templeton's complaint is DISMISSED without prejudice for failure to exhaust administrative remedies.

4. The clerk of court is directed to enter judgment for defendants and close the case.

Entered April 16, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge