IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AARON TEMPLETON,

                      Plaintiff,

  v.

SCOTT PARKS and DEBRA GLEASON,

                      Defendants.

OPINION and ORDER

23-cv-109-jdp

---

    Plaintiff Aaron Templeton, proceeding without counsel, is a prisoner at Jackson Correctional Institution. He alleges that defendant staff members at the Marathon County Jail knowingly housed him with an inmate who had tuberculosis, causing him to contract the disease. I dismissed this case after determining that Templeton had failed to timely exhaust his administrative remedies. Dkt. 63. The court of appeals reversed, concluding that Templeton exhausted his administrative remedies because the jail rejected his complaint on the merits and not for lack of timeliness. Dkt. 95.

    Two motions are before the court. First, Templeton asks about recovery of his appellate costs of $610.20, which the court of appeals taxed in his favor. Dkt. 95-2. Templeton asks whether I can stop the prison from removing funds from his inmate account to pay his appellate filing fee. Dkt. 94. I do not have authority under 28 U.S.C. § 1915(b)(2) to stop the prison from assessing filing fee payments from his inmate account. But I will ask the defendants to respond regarding the appellate bill of costs. Defendants will have until April 1, 2025, to explain their position regarding payment of Templeton's appellate costs.

    Second, Templeton moves for assistance recruiting counsel. Dkt. 93 and Dkt. 96. Litigants in civil cases do not have a constitutional right to counsel, and I do not have the

authority to appoint counsel to represent a pro se plaintiff in a civil matter. Rather, I can only assist in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007) (en banc).

To show that it is appropriate for the court to recruit counsel, a plaintiff must first show that he is unable to afford counsel and that he has made reasonable efforts to locate an attorney on his own. Templeton's submissions show that he cannot afford a lawyer on his own and that he contacted multiple attorneys without success, so he meets these requirements.

A plaintiff must also demonstrate that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt*, 503 F.3d at 654–55. Templeton says that he has limited opportunities to conduct legal research, that he has health issues that prevent him from litigating the case, and that he has had problems conducting discovery in this case.

Templeton's third reason is persuasive. Previous materials submitted by the parties suggest that a key factual dispute in this case will be whether Templeton was housed with an inmate who had tuberculosis. Obtaining medical information about a third party raises complex discovery issues that will be difficult for Templeton to manage on his own. I conclude that the difficulty of litigating this case going forward would exceed Templeton's abilities. So I will grant his motion for assistance in recruiting counsel, and the court will attempt to recruit counsel to represent him. Other than responding to the order I issue here, the case will be stayed pending recruitment of counsel. If I find counsel willing to represent Templeton, I will advise the parties of that fact. Soon thereafter, a status conference will be held to set a new schedule. I advise Templeton that the search for counsel may take several months, and there is no guarantee that the court will find counsel willing to represent him.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion regarding appellate costs, Dkt. 94, is GRANTED in part. Defendants have until April 1, 2025, explain their position regarding payment of Templeton's appellate costs.

2. Plaintiff's motions for recruitment of counsel, Dkt. 93 and Dkt. 96, are GRANTED.

3. Otherwise, the case is STAYED pending recruitment of counsel for plaintiff.

Entered March 18, 2025.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge