IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AARON TEMPLETON,

                    Plaintiff,

        v.

SCOTT PARKS and DEB GLEASON,

                    Defendants.

OPINION and ORDER

23-cv-109-jdp

---

Plaintiff Aaron Templeton filed this civil rights lawsuit against staff at the Marathon County Jail alleging that they knowingly housed him with an inmate who had tuberculosis, causing plaintiff to contract the disease. He initially represented himself, but the court later stayed the case and recruited pro bono counsel to represent him. Dkt. 105. The parties then stipulated to the dismissal of the case. Dkt. 118.

This order addresses the parties' post-dismissal motions and submissions. Plaintiff has filed a motion to supplement the complaint and related letters. Dkt. 120, Dkt. 123 & Dkt. 125. Defendants oppose this relief. Dkt. 128. Plaintiff's counsel has filed a motion to withdraw, to which plaintiff has responded. Dkt. 121, Dkt. 126 & Dkt. 127. For the following reasons, the court will grant counsel's motion to withdraw and deny plaintiff's request to supplement the complaint.

## ANALYSIS

**A. Plaintiff's motion to amend the complaint, Dkt. 120**

This lawsuit concerned plaintiff's allegation about being exposed to tuberculosis while at a county jail in 2020. After the parties agreed to dismiss the case with prejudice, and the

case was closed, plaintiff filed a series of letters pro se that the court has construed as a request to reopen the case and amend the complaint.  Plaintiff reports that his attorney told him he couldn't amend his complaint, but plaintiff still wanted to do so.  At this point, assuming this case was reopened, plaintiff could only amend his complaint with defendants' consent, which they do not give, or the court's leave, which should be "freely" given when justice so requires. Fed. R. Civ. P. 15(a)(2).  But the longer a plaintiff waits to amend, the less likely it is that the court will grant leave to amend.

Here, plaintiff gives no basis for amendment nearly three years after the court accepted plaintiff's amended complaint and after agreeing to dismiss.  *See* Dkt. 34.   Plaintiff's submissions are a little hard to follow, but he expresses dissatisfaction with his attorney's representation in some respects, raises concerns about defense counsel's conduct and makes new allegations about conditions in the jail and other events unrelated to those underlying this case.  He claims sexual assault at the hands of female staff at the jail during strip searches beginning in 2015, that staff were smuggling drugs into the jail, that his best friend was killed, that he was given inadequate medical care resulting in a stroke during a court proceeding, and that Marathon County has not conducted a proper investigation into a PREA complaint.  He also states that he provided exculpatory information in the state court prosecution of another individual that was not disclosed.

Plaintiff is not trying to supplement or otherwise revive his tuberculosis-related claims. Rather, he is raising new claims based on new allegations.  Because this case is now closed, the proper procedure is for plaintiff to present his new claims in a new lawsuit, after he exhausts

his administrative remedies.[1] *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory."); *see also Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot.").

**B. Plaintiff's counsel's motion to withdraw, Dkt. 121**

The court will grant plaintiff's counsel's motion to withdraw. Plaintiff complains in response that counsel would not file an amended complaint, but acknowledges that counsel's representation was limited in scope. Indeed, counsel was recruited "for a limited scope of pretrial services" excluding trial preparation or trial. Dkt. 105 at 1. The court advised plaintiff that he had to permit counsel "to exercise professional judgment to determine which matters are appropriate bring to the court's attention and in what form" and should be prepared "to accept the strategic decisions" counsel makes. *Id.* at 1–2. After the case was dismissed, counsel sent plaintiff a copy of the case file and informed him that the representation had ended. Counsel was unaware of plaintiff's post-dismissal pro se filings.

The court will not order counsel to continue representing plaintiff in this closed case for the purpose of seeking to reopen this matter and pursue new allegations. For one, plaintiff's disagreement with counsel suggests that further representation would not be productive. Regardless, as explained above, plaintiff must bring these allegations in a new lawsuit that falls outside counsel's limited appointment in this one.

---

[1] Plaintiff suggests that he is being prevented from exhausting because Marathon County has yet to investigate a PREA complaint. Dkt. 127 at 3. That would be an affirmative defense to an allegation of failure to exhaust, which is not at issue in this closed case. *Gooch v. Young*, 24 F.4th 624, 627 (7th Cir. 2022) ("Failure to exhaust is an affirmative defense.").

ORDER

IT IS ORDERED that:

1.  Plaintiff's motion to supplement, Dkt. 120, is DENIED.

2.  Plaintiff's counsel's motion to withdraw, Dkt. 121, is GRANTED.

3.  This case remains closed.

Entered June 24, 2026.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge